IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE HANNA, BARBARA HANNA,
and GEORGE WAGNER, Personal
Representative of the Estate of Vera
Orphelia Wagner,
                Plaintiffs, and

JESSE BADORE, Plaintiff-Intervenor,

vs.                                                                            No. CIV 01-0283 LCS

BRUCE MILLER, MILLER &SONS
TRUCKING, INC. PACKERLAND
TRANSPORT, INC., and GARLAND R.
PEEK,
                Defendants, and

GARLAND R. PEEK AND CONNIE PEEK, husband
and wife,
                Cross-claimants & Third Party Plaintiffs,
vs.

BRUCE MILLER, MILLER & SONS TRUCKING, INC. and
PACKERLAND TRANSPORT, INC.,

                Cross-defendants, and

ZURICH-AMERICAN INSURANCE COMPANY, CRUM
& FOSTER, CHUBB COMMERCIAL EXCESS
(FEDERAL INSURANCE COMPANY), and DALE MILLER,
a/b/a/ Miller & Sons Trucking,

                Third-Party Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      **THIS MATTER** came before the Court upon Defendant, Cross-claimants Garland R. Peek

and Connie Peek's Motion and Authority for Remand (Doc. 14), filed April 11, 2001, and the Court's

*sua sponte* Order to Show Cause, filed April 13, 2001. The United States Magistrate Judge, acting

upon designation pursuant to 28 U.S.C. § 636(b)(1)(B),[1] and having considered the arguments raised in the Motion, Response, Reply, Response to Order to Show Cause and having reviewed the Notice of Removal, Supplemental Notice of Removal, Second Supplemental Notice of Removal, Complaints, Cross-claim, and record finds that the Court does not have jurisdiction over this case and therefore recommends that this matter be **REMANDED**.

### PROPOSED FINDINGS

1.      Plaintiffs Lee Hanna and Barbara Hanna were severely injured and Vera Ophelia Wagner was killed on January 8, 2000, when a semi-tractor trailer driven by Defendant Bruce Miller collided with the rear of a van driven by Garland R. Peek on Highway 70 in Lincoln County, New Mexico. Plaintiffs were passengers in the van. On March 24, 2000, Plaintiffs brought this case in the Twelfth Judicial District, County of Otero, State of New Mexico against Bruce Miller, Miller & Sons Trucking, Inc. and Packerland Transport, Inc. (Miller Defendants) and Garland R. Peek. On August 22, 2000, Jesse Badore, another van passenger, was permitted to intervene as a Plaintiff and filed a Complaint for Damages against the Miller Defendants and Garland R. Peek. On November 16, 2000, Peek and Connie Peek, his spouse, filed a Cross-claim against the Miller Defendants, and added Cross-Defendants, Zurich-American Insurance Company, Crum & Foster, Chubb Commercial Excess (Federal Insurance Company) and Dale Miller d/b/a/ Miller & Sons Trucking Company.

2.      All Plaintiffs are citizens of New Mexico. Defendant, Cross-claimants Garland R. Peek and Connie Peek are also citizens of New Mexico. Defendant Bruce Miller is a citizen of

---

[1] All remaining parties, except for Chubb Commercial Excess, have consented to final resolution of this case by the magistrate judge. Because Chubb Commercial Excess has neither consented to nor refused such final resolution, the Motion to Remand is addressed through proposed findings and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B), rather than by final order pursuant to 28 U.S.C. § 636(c).

Ontario Province, Canada. Defendants Miller & Sons Trucking, Inc. and Packerland Transport, Inc. are foreign corporations with their principal place of business in Wisconsin. Cross-Defendants are foreign corporations with their principal places of business located outside New Mexico.

3.  Both the Hanna/Wagner Complaint and the Badore Complaint allege damages for wrongful death, personal injury, permanent impairment, medical expenses, lost wages, lost earning capacity, pain and suffering, and loss of enjoyment of life against the Miller Defendants and Garland R. Peek. Neither of the Complaints allege an amount in controversy. The Cross-claim alleges damages for personal injury, medical expenses, permanent impairment, lost wages, lost earning capacity, pain and suffering, loss of enjoyment of life, loss of household services, and loss of consortium. The Cross-claim does not allege an amount in controversy.

4.  The Notice of Removal states that "the Wagner claims were fully resolved in November 2000 and an Order of Dismissal was entered on December 19, 2000," that "the Hanna claims were fully resolved in November 2000 and an Order of Dismissal was entered on January 2, 2001," and that "the Badore claims were fully resolved by February 2001 and an Order of Dismissal was entered on March 5, 2001." The Orders of Dismissal state that "all matters in dispute between" . . . [Plaintiffs] . . . . "and Defendants have been compromised and settled." (Mot. and Authority for Remand, Ex. G, H, I, J, K, L.) The stipulated Orders of Dismissal are signed by the state judge, Plaintiffs' counsel and counsel for the Miller Defendants, but are not signed by counsel for Peek. (*Id*.)

5.  The right to remove a case from state district court to federal district court is statutory. *See* 28 U.S.C. § 1441, *et seq.* Federal courts generally construe removal statutes strictly to prevent encroachment on state courts' jurisdiction and to preserve comity, as well as to protect

3

rights of plaintiffs to fair treatment. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). In order to maintain the rightful independence of state governments, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-109. In addition to comity, fundamental fairness dictates that if a federal court has doubts about its jurisdiction, it should resolve those doubts by ordering a remand. *See Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F. 3d 689, 694 (5th Cir.1995). Otherwise, the parties would risk the possibility of winning a final judgment in federal court only to have it determined later on appeal that the court lacked jurisdiction. *See, e.g., Laughlin v. K-Mart Corp.*, 50 F. 3d 871, 873 (10th Cir. 1995); *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848, 851 (5th Cir. 1999). Such a finding would void the judgment and would require the parties to return to state court and re-litigate the case. *Laughlin*, 50 F. 3d at 874; *Simon,* 193 F. 3d at 851-52. In order to avoid such a waste of resources and to preserve comity, all doubts are resolved in favor of remand.

      6.      Only actions over which federal courts have original jurisdiction may be removed. *See* 28 U.S.C. § 1441. The party invoking federal jurisdiction has the burden of establishing its propriety. *See Prize Frize, Inc. v. Matrix, Inc.,* 167 F. 3d 1261, 1265 (9th Cir. 1999). Courts must look to the face of the complaint and to the notice of removal in order to decide whether a party has adequately alleged facts sufficient to confer federal subject matter jurisdiction. *Laughlin v. K-Mart Corp.*, 50 F. 3d at 873. The facts as they exist at the time defendant filed the notice of removal determine whether subject matter jurisdiction exists. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d at 851; *Allen v. R & H Oil and Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995); *In re Shell Oil Co.*, 966 F. 2d 1130, 1133 (7th Cir.1992) (Easterbrook, J.). An action that is not initially removable may be removed

within thirty days after receipt by the defendant of a copy of an amended pleading, motion or other paper from which it may be ascertained that this action is removable. *See* 28 U.S.C. §1446 (b).

7. Federal courts have two basic types of subject matter jurisdiction; diversity jurisdiction and federal question jurisdiction. For federal question jurisdiction to exist, a federal question must be presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). The Complaints and the Cross-claim allege claims based on state law only; no federal questions appear anywhere in the pleadings. Accordingly, the Court does not have federal question jurisdiction.

8. For diversity jurisdiction to arise, the citizenship of all plaintiffs must be diverse from the citizenship of all defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A diversity case may only be removed within one year after commencement of the action. *See* 28 U.S.C. § 1446(b). This action was commenced in state court on March 24, 2000. The Notice of Removal was filed on March 13, 2001. Thus, the Notice was timely under § 1446(b), and the true question is whether the diversity of citizenship and amount in controversy requirements were satisfied.

9. In their Motion and Authority for Remand, the Peeks argue that this action should be remanded because the parties are not diverse. Specifically, the Peeks assert that Plaintiffs and the Peeks remain parties to this action and all are citizens of New Mexico. The Miller Defendants respond that Plaintiffs' claims are no longer pending against Peek because he was never served with the Hanna/Wagner Complaint, which was voluntarily dismissed pursuant to Rule 1-041(A)(1)(a); and because the state court judge validly dismissed Plaintiffs' claims against Defendants, including Peek, under Rule 1-041(A)(2) NMRA.

10.     The Miller Defendants' Rule 1-041(A)(1)(a) argument is unavailing. The record establishes that Peek filed Answers to both the Hanna/Wagner and the Badore Complaints. (Mot. and Authority for Remand, Ex. C; E.) Rule 1-041 (A)(1)(a) applies only to notices of dismissal filed before service of an answer or responsive pleading. *See* Rule 1-041 (A)(1)(a) NMRA. In this case, the dismissals were filed after service of the Answers. Thus, Rule 1-041 (A)(1)(a) is inapplicable.

11.     Conversely, the Miller Defendants' argument concerning Rule 1-041 (A)(2) is well-taken. Rule 1-041 (A)(2) provides that an action containing a pending cross-claim shall not be dismissed against the party's objection unless the cross-claim can remain pending for independent adjudication by the court. *See* Rule 1-041 (A)(2) NMRA. The Orders of Dismissal state that "all matters in dispute between" the Wagner/Hanna Plaintiffs and "Defendants" and "all matters in dispute between" Plaintiff Badore and "all Defendants" were dismissed because they were compromised and settled. (Mot. and Authority for Remand, Ex. H, J, L.) While there is also no indication that the Peeks had an opportunity to object to the Orders of Dismissal before the were submitted to the state court, I will not look behind a facially valid order issued by a state district judge. Based on the plain language of the Orders of Dismissal, Plaintiffs' claims against all Defendants, including Peek, were dismissed and the dismissals were valid under Rule 1-041 (A)(2). In the event that they did not have an opportunity to object to the Orders of Dismissal before the were entered, Peek may seek appropriate relief from the state judge. However, it is not the role of the federal court to second-guess the validity of an order issued by the state court.

12.     Based on the Orders of Dismissal, Plaintiffs' claims are no longer pending against any of the Defendants, including Peek. Only the Peeks' Cross-claim against the Miller Defendants remains pending. Complete diversity of citizenship exists between the Peeks and the Miller

6

Defendants. This case should not be remanded for lack of diversity of citizenship because the parties were completely diverse at the time of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d at 851. The grounds argued in the Peeks' Motion and Authority for Remand are not sufficient to remand this action. It is therefore necessary to analyze the amount in controversy as raised in this Court's Order to Show Cause.

14. Diversity jurisdiction does not rest on diversity of citizenship alone; the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a). This amount is ordinarily determined by the allegations of the complaint, or where they are not dispositive, by the notice of removal. *Laughlin v. K-Mart Corp.*, 50 F. 3d at 873. Because neither the pleadings nor the notices of removal specify an amount in controversy in this case, the Court issued an Order to Show Cause regarding this issue.

14. In their Response to the Order to Show Cause, the Miller Defendants state that they "understand" that Peek has incurred medical expenses in the amount of $44,000.00, that Garland R. Peek has valued his claims at $360,000, that Connie Peek has valued her claims at $103,000.00, and that "both parties" have evaluated the Peek claims at in excess of $75,000.00. The Miller Defendants further point out that the Notice of Removal states that "Plaintiffs' [sic][2] settlement demand far exceeds the jurisdictional amount set for [sic] in 28 U.S.C. § 1332 (a)." (Notice of Removal ¶ 12.) The Miller Defendants attached a letter from the Peeks' counsel, valuing their claims in excess of $2.7 million. (Resp. to Order to Show Cause, Ex. C.) In their Response to the Order to Show Cause, counsel for the Peeks states that she agrees that the amount in controversy exceeds $75,000.00. Neither party submitted affidavits, or any other competent evidence, as to the value of the Cross-

---

[2] The Peeks are Cross-claimants, not Plaintiffs.

7

claim.

15.    In order to decide whether a party has adequately alleged facts sufficient to confer federal subject matter jurisdiction, the court must look to the face of the complaint and to the notice of removal. *Laughlin v. K-Mart Corp.*, 50 F. 3d at 873. When the amount in controversy is not apparent, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in (1) the complaint, (2) the notice of removal, and (3) other relevant materials *in the record, Varela v. Wal-Mart Stores, Inc.*, 86 F. Supp. 2d 1109, 1110 (D. N.M. 2000) (emphasis added), as of the date of filing of the notice of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d at 851; *Allen v. R & H Oil and Gas Co.*, 63 F. 3d at 1335; *In re Shell Oil Co.*, 966 F. 2d at 1133. A defendant requesting removal must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Varela*, 86 F. Supp. at 1111.

16.    The facts alleged in the Hanna/Wagner and Badore Complaints establish that the total amount in controversy exceeded $75,000.00 at the time of commencement of this action in state court. However, the Miller Defendants state that they have settled with Plaintiffs and Plaintiffs' claims were no longer pending on the date of removal. The amount in controversy is determined based on the facts as they exist at the time of filing of the notice of removal. *Simon*, 193 F. 3d at 851; *Allen*, 63 F. 3d at 1335; *Shell Oil Co.*, 966 F. 2d at 1133; *Varela*, 86 F. Supp. 2d at 1110. Accepting the Miller Defendants' representation, only the Peeks' claims against the Miller Defendants remain pending.

17.    The Cross-claim alleges damages for personal injury, medical expenses, permanent impairment, lost wages, lost earning capacity, pain and suffering, loss of enjoyment of life, loss of household services and loss of consortium.  The Cross-claim does not allege an amount in

controversy. The allegations of the Cross-claim and the Notices of Removal are insufficient to prove that it was more likely than not that the amount in controversy exceeded $75,000 at the time the Miller Defendants filed their Notice of Removal.

18.   Facts supporting jurisdiction must come from the record; not from external sources. Any post-notice of removal affidavits are allowable only if relevant to the date of filing of the notice of removal. *Allen*, 63 F. 3d at 1335. Removal may cannot be based simply upon conclusory allegations. *Id.*, 63 F.3d at 1335; *ANPAC v. Dow Quimica de Columbia, S.A.*, 988 F. 2d 559, 565-66 (5th Cir. 1993). Settlement demands and valuation of claims are outside the court record and, as such, cannot form the basis for jurisdiction. *Varela*, 86 F. Supp. 2d at 1110 (jurisdiction based only on record). Moreover, counsel may not stipulate to federal subject matter jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). The Miller Defendants arguments in their brief regarding the settlement demands and Peeks' concurrence that the amount in controversy exceeds $75,000.00 are insufficient to confer diversity jurisdiction. I have evaluated the record as of the date of filing of the Notice of Removal, and find that the Cross-claim on its face does not support an amount in controversy in excess of $75,000.00, and that the Miller Defendants failed to allege or aver additional facts in support of federal jurisdiction.

19.   While the pleadings establish that the motor vehicle collision was severe and that Plaintiffs suffered grievous injuries, neither Cross-claim nor the Notices of Removal establish that the *Peeks'* damages exceed the jurisdictional amount. The Court may not speculate on what damages a jury might find. *Varela v. Wal-Mart*, 86 F. Supp. 2d at 1111. Although this approach may seem hyper-technical, I am bound to apply it. *See, e.g., Caskey v. Crescent Communications G.P., Inc.*, No. CIV 98-0337 JP/LFG (D. N.M. Apr. 28, 1998). Jurisdiction may not be conjured; it must arise

based on the facts of record on the date of filing of the notice of removal. Resolving all doubts in favor of remand, *Laughlin,* 50 F. 3d at 873, the record does not establish that the amount in controversy exceeded $75,000.00 at the time of filing of the notice of removal.[3] Accordingly, diversity jurisdiction is absent and this case should be remanded to state court.

  20. In the alternative, this matter should be remanded because Defendant Chubb Commercial Excess, a separate party represented by separate counsel, did not join in the removal. The failure to join all proper defendants renders the removal petition procedurally defective. *Roe v. O'Donohue*, 38 F. 3d 298, 301 (7th Cir.1994); *Cornwall v. Robinson*, 654 F. 2d 685, 686 (10th Cir. 1981). Each defendant must independently and unambiguously file notice of its consent and its intent to join in the removal within thirty-days of the filing of the notice of removal. *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995). The Court cannot infer consent from the mere fact that Chubb filed an answer in federal court. *See Landman v. Borough of Bristol*, 896 F. Supp. 406, 408-09 (E.D. Pa.1995) (filing of an answer does not satisfy the unambiguous expression of consent required for proper removal). In this case, Chubb Commercial Excess did not join in the removal. This Defendant did not independently and unambiguously communicate to the Court its consent for removal. In addition to the lack of subject matter jurisdiction, the Notice of Removal was invalid because Chubb Commercial Excess did not consent to the removal. The case is also subject to remand on this alternative basis.

---

[3] Whether a jury eventually returns a verdict of more than $75,000.00 is irrelevant. *See Varela v. Wal-Mart*, 86 F. Supp.2d at 1111.

## RECOMMENDED DISPOSITION

I recommend that this case be remanded to the Twelfth Judicial District Court for the County of Otero, State of New Mexico for lack of federal subject matter jurisdiction.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**