IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

| | |
|---|---|
| LEE HANNA, BARBARA HANNA, and GEORGE WAGNER, Personal Representative of the Estate of Vera Ophelia Wagner, | No. CIV 01-0283 PK/LCS |
| Plaintiffs, and | |
| JESSIE BADORE, | |
| Plaintiff-Intervenor, | |
| vs. | |
| BRUCE MILLER, MILLER & SONS TRUCKING, INC., PACKERLAND TRANSPORT, INC., and GARLAND PEEK, | |
| Defendants, | |
| and | |
| GARLAND PEEK and CONNIE PEEK, | |
| Cross-claimants, | |
| vs. | |
| BRUCE MILLER, MILLER & SONS TRUCKING, INC., PACKERLAND TRANSPORT, INC., DALE MILLER d/b/a MILLER & SONS, ZURICH-AMERICAN INSURANCE CO., CRUM & FOSTER, and CHUBB COMMERCIAL EXCESS (FEDERAL | |

INSURANCE CO.),

    Cross-Defendants.

MEMORANDUM OPINION AND ORDER

    THIS MATTER comes on for consideration of Defendant/Cross-Claimant Garland Peek and Cross-Claimant Connie Peek's ("the Peeks") Motion and Authority for Remand filed April 11, 2001 (Doc. 14), the Magistrate Judge's Proposed Findings and Recommended Disposition filed May 17, 2001 (Doc. 21), the Peeks' Objections to Magistrate's Proposed Findings filed May 29, 2001 (Doc. 22), and Defendants/Cross-Defendants Bruce Miller, Miller & Sons Trucking, Inc., Packerland Transport, Inc., Zurich-American Insurance Company, Crum & Forster, and Dale Miller d/b/a Miller & Sons Trucking's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition filed May 29, 2001 (Doc. 23). Upon de novo review of the magistrate judge's proposed findings and recommended disposition, the court rejects the recommended disposition and will deny the Peeks' motion to remand. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); First Union Mtg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000).

    (1)    This action arose out of a serious traffic accident in Lincoln County, New Mexico, on January 8, 2000, in which a semi-tractor trailer

      collided with the rear of a van. The truck was driven by Bruce Miller and insured by Zurich-American Insurance Company, Crum & Forster, and Chubb Commercial Excess. Garland Peek was driving the van; Lee and Barbara Hanna,[1] Vera Ophelia Wagner, Jessie Badore (collectively, the "original plaintiffs"), and several others were passengers. Three passengers, including Ms. Wagner, were killed instantly; others sustained a variety of injuries, some quite serious. Lee and Barbara Hanna died in the course of this litigation. Doc. 23 at 2 & 3 n.1.

(2)    On March 24, 2000, Lee Hanna, Barbara Hanna, and George Wagner (on behalf of Ms. Wagner's Estate) filed a complaint in state court against Bruce Miller, Miller & Sons Trucking, Inc., Packerland Transport, Inc., and Garland Peek. Doc. 14, Ex. A. Plaintiff Jessie Badore intervened in that action in August 2000.

(3)    In November 2000, Mr. Peek and his wife, Connie Peek, filed a cross-claim against his three co-defendants and four additional cross-defendants: Dale Miller d/b/a Miller & Sons Trucking, Inc.; Zurich-American Insurance Company; Crum & Forster; and Chubb

---

[1] The pleadings and orders filed in this case are not consistent as to the spelling of Lee and Barbara Hanna's last name. The court adopts the spelling used in the original complaint. See Doc. 14, Ex. A.

Commercial Excess.[2] In the cross-complaint, the Peeks sought damages for the injuries that Mr. Peek had sustained in the accident. Doc. 17, Ex. A at 6. Pursuant to New Mexico law, the Peeks did not allege "damages in any specific monetary amount." N.M. R. Civ. P. 1-010B ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.").

(4) By early March 2001, the original plaintiffs had settled their claims against the original defendants. Upon the parties' motions for

---

[2] In its order granting the Peeks leave to file their cross-claim, the state court improperly designated the four new cross-defendants as "third-party defendants". Doc. 16, Ex. 1. This error has been repeated in numerous subsequent pleadings and orders. See, e.g., Docs. 1-3, 5-6, 9-12, 14-15, 20-23. The record should stand corrected, as shown in the caption of this Order. See supra at 1.

    Third-party practice contemplates a specific type of liability not at issue here. "[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon <u>a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him</u>." N.M. R. Civ. P. 1-014(A) (emphasis added). The Peeks' cross-complaint, however, does not even mention the original plaintiffs' or their claims against Mr. Peek. The cross-complaint only seeks damages related to <u>the injuries Mr. Peek sustained</u> in the accident. There is absolutely no indication that the Peeks sought contribution or indemnification from the new cross-defendants for Mr. Peek's liability – if any – to the original plaintiffs. In fact, the Peeks' motion to remand specifically notes that there is no third-party complaint at issue. Doc. 14 at 2 n.1. In sum, the four cross-defendants who were not named in the original complaint are not "third-party defendants," they are simply "cross-defendants." See N.M. R. Civ. P. 1-013(H).

dismissal, Doc. 14, Ex. G, I, K, the state court issued a series of orders, directing that "all claims and causes of action" by the original plaintiffs "against Defendants or any of them" be dismissed with prejudice.  Id., Ex. H, Ex. J, Ex. L.  Although none of the stipulated motions to dismiss was signed by counsel for Mr. Peek, he was undoubtedly served with the state court's Orders of Dismissal with Prejudice, and moreover, he offers no real objection to the substance of those orders.  Accordingly, the court is of the view that the broad language of the state district court's orders means what it says – i.e., that "all claims and causes of action" by the original plaintiffs "against Defendants or any of them" be dismissed with prejudice.  Doc. 14, Ex. H, J, L (emphasis added); see also N.M. R. Civ. P. 1-041(A)(2).  The court therefore adopts the magistrate judge's finding that the original plaintiffs' claims against all defendants – including Mr. Peek – have been dismissed, leaving only the cross-claim at issue.  See Doc. 21 at 6-7, ¶ 12.  The court also adopts the magistrate judge's finding that complete diversity exists between the parties to the cross-claim.  See id.

(5)   On March 13, 2001, the seven cross-defendants filed a notice of

removal,[3] alleging that the Peeks had "asserted in the Cross-Complaint that they are seeking damages, including punitive damages, believed to be in an amount in excess of $75,000." Doc. 1 at 4, ¶ 12. Because the notice of removal was filed less than thirty days after the case became removable, see Doc. 16, Ex. L (3/5/01 Order, dismissing last original plaintiff's claims), and less than one year after the original complaint was filed, see Doc. 14, Ex. A (Compl.), the removal notice was timely under 28 U.S.C. § 1447(b).

(6) For purposes of diversity jurisdiction, the amount in controversy "is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). Where neither document suffices, the court may also consider other relevant materials in the record. Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (citing 14C Charles Alan Wright et al, Federal Practice & Procedure § 3725,

---

[3] The court rejects the magistrate judge's proposed finding that Chubb Commercial Excess did not join in the removal. Doc. 21 at 10. All seven cross-defendants joined the notice of removal. See Doc. 1 at 2, 3, 5. According to the other six cross-defendants, separate counsel was retained to represent Chubb after the notice of removal was filed. Doc. 23 at 12-13. That representation does not negate Chubb's participation in the removal notice.

at 73 (3d ed. 1998)). It would be an overreading of <u>Laughlin</u> to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal. But because there is a presumption against removal jurisdiction, <u>Laughlin</u>, 50 F.3d at 873, the burden is on the removing party to establish, by a preponderance of the evidence, that the jurisdictional amount requirement has been met. "In other words, Defendant must show that the amount in controversy <u>more likely than not</u> exceeds $75,000." <u>Varela</u>, 86 F. Supp. 2d at 1111 (emphasis added); <u>see also</u> <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.").

(7) Where a state rule of procedure provides that the amount of damages may not be included in the complaint, the court must examine the facts existing at the time of removal and determine whether those facts prove to "a reasonable probability" – <u>i.e.</u>, that it is more likely than not – that the jurisdictional amount was met. <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 428 (7th Cir. 1997). In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal

notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is <u>not</u> seeking damages in excess of the requisite amount.  <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 882-83 (5th Cir. 2000); <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848, 850-51 (5th Cir. 1999); <u>Chase</u>, 110 F.3d at 429-30; <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997); <u>cf.</u> <u>Gafford v. Gen. Elec. Co.</u>, 997 F.2d 150, 160-61 (6th Cir. 1993) (relying on defense counsel's testimony, at jurisdictional hearing, that if plaintiff prevailed, recovery would likely exceed jurisdictional amount).

(8)   Having reviewed the cross-complaint, notice of removal, and relevant materials in the record, the court concludes that it is more likely than not that the amount at issue in the cross-claim exceeds $75,000.  The cross-complaint alleges that Mr. Peek suffered "<u>severe</u> injuries" in the accident, Doc. 17, Ex. A at ¶ 12 (emphasis added), leading to "permanent impairment." <u>Id.</u> at ¶ 17.  Other materials in the record at the time of removal confirm that the accident was serious – three passengers died instantly, and at least two more died soon after as a result of the injuries they sustained in the collision. R., Def./Cross-Def. Mot. for Partial Summ. J. at 3 (Jan. 31, 2001);

Mot. to Amend Compl. for Damages (Nov. 6, 2000), Ex. A at 4-5; accord Doc. 23 at 2 & 3 n.1.  In addition to Mr. Peek's substantial past, current, and future medical expenses, the cross-claim sought additional damages for Mr. Peek's past and continuing pain and suffering, mental anguish, loss of enjoyment of life, loss of society with his immediate family, and recovery of lost wages – past and future.  Mrs. Peek sought damages for loss of consortium and loss of household services.  The cross-complaint also sought punitive damages based on Mr. Miller's recklessness and his "willful and wanton disregard of the safety of others."  Doc. 17, Ex. A at 3, ¶ 9; see also, e.g., Doc. 23, Ex. D at 4 (Miller Aff., originally filed as Ex. A to Def. Mot. for Partial Summ. J. (Jan. 31, 2000)); R., J. Rhodes Aff. at 3-4 (Aug. 16, 2000); R., S. Rhodes Aff. at 2-3 (Aug. 14, 2000).  Punitive damages may be considered in determining whether the jurisdictional amount requirement is satisfied.  See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943); Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1245 (10th Cir. 1996).

(9)   In the Notice of Removal, the cross-defendants stated their belief that the Peeks' alleged damages exceed $75,000.  Doc. 1 at 4, ¶ 12.  By contrast, the removal notice in Laughlin made no reference

whatsoever "to an amount in controversy," 50 F.3d at 872, nor did it cite the diversity statute to incorporate the requisite jurisdictional amount by reference.  Id. at 873 (holding that citation to removal statute was inadequate because that "statute does not refer to the requisite . . . amount in controversy, thus no jurisdictional amounts are incorporated into the removal notice by reference to the statute").  As for the requirement that a removing party "set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds [the jurisdictional amount]," id. (internal quotations, citation, and alteration omitted, emphasis in original), the court finds the notice's allegation that damages would exceed $75,000, coupled with the incorporation – by reference and attachment – of the detailed allegations in the cross-complaint, to be sufficient.  Doc. 1.  Finally, the court notes that the Laughlin court specifically distinguished Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir. 1993) (upholding removal jurisdiction), on the grounds that "in Shaw the defendant's removal petition stated a good faith belief that the amount in controversy was greater than [the requisite jurisdictional amount]." Laughlin, 50 F.3d at 873.  The present removal notice is identical to the one filed in Shaw (in which the court upheld jurisdiction) and distinguished in Laughlin (in which

-10-

the court remanded the case to state court).

(10)  This case is also distinguishable from <u>Laughlin</u> on factual grounds. <u>See</u> <u>Heno v. Sprint/United Mgmt. Co.</u>, 208 F.3d 847, 853 (10th Cir. 2000) ("[C]ases must be read against their facts . . . ."); <u>accord</u> <u>Maple Flooring Mfrs. Ass'n v. United States</u>, 268 U.S. 563, 579 (1925).  While the plaintiff in <u>Laughlin</u> sought damages in excess of $10,000 for each of two employment-related claims, <u>see</u> 50 F.3d at 872, the Peeks' cross-complaint seeks damages arising out of "severe" and "permanent" <u>physical injuries</u> sustained in a major accident with a semi-tractor trailer in which at least five passengers in Mr. Peek's van were killed.  The Tenth Circuit's refusal to assume – with no basis in the record – that Mr. Laughlin's employment-related injuries gave rise to a claim for damages in excess of $50,000 does not bar this court from making reasonable inferences about a very different type of injury on the basis of a very different record.  In sum, the Peeks' detailed prayers for relief in the cross-complaint – coupled with the cross-defendants' good faith estimation that the damages requested would exceed $75,000 and considered in light of the severity of the accident – amply support an inference that the requisite jurisdictional amount has been established.  Accordingly, the Peeks' motion to remand is denied.

IT IS SO ORDERED.

DATED this <u>1st</u> day of August, 2001, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Lisa K. Durrett, P.C., Alamogordo, New Mexico, for Cross-Claimants Garland and Connie Peek.

Terry R. Guebert and Ramona G. Bootes, Guebert & Yeomans, P.C., Albuquerque, New Mexico, for Cross-Defendants Bruce Miller, Miller & Sons Trucking, Inc., Packerland Transport, Inc., Dale Miller d/b/a Miller & Sons, Zurich-American Insurance Co., and Crum & Foster.

Michael H. Harbour, Madison, Harbour, Mroz & Brennan, P.A., Albuquerque, New Mexico, for Cross-Defendant Chubb Commercial Excess (Federal Insurance Co.).